IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**JERMAINE KENYATTA COLEMAN**                          **PLAINTIFF**

**v.**                                              **CIVIL ACTION NO. 2:18-cv-29-KS-MTP**

**ALEXANDER KITCH**                                      **DEFENDANT**

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court on Defendant's Motion for Summary Judgment [12]. Having considered the Motion, the record, and the applicable law, the undersigned recommends that the Motion for Summary Judgment [12] be granted, this action be dismissed with prejudice, and the dismissal count as a strike pursuant to 28 U.S.C. § 1915(g).

## BACKGROUND

On September 2, 2016, Plaintiff Jermaine Kenyatta Coleman, proceeding *pro se* and *in forma pauperis*, filed a complaint in Civil Action No. 2:16-cv-131-KS-MTP. In that action, Plaintiff asserted claims against officials with the Forrest County Sheriff's Department and Forrest County Board of Supervisors regarding the conditions of his confinement at the Forrest County Jail. Plaintiff also asserted an excessive force claim against Hattiesburg Police Officer Alexander Kitch arising from his arrest. On February 21, 2018, the Court severed Plaintiff's claim against Officer Kitch and opened the instant Section 1983 civil action with Kitch as the sole defendant.

In his complaint and as clarified by his testimony at the *Spears* hearing,[1] Plaintiff alleges that he was walking down the street when Defendant Kitch stopped him and asked if he had any weapons on his person. After Plaintiff admitted that he had brass knuckles, Defendant arrested Plaintiff for possession of a weapon by a convicted felon. According to Plaintiff, Defendant placed him in the back of a patrol car but then removed him from the patrol car. Thereafter, Defendant attempted to place Plaintiff back in the car and fasten his seatbelt, but Defendant was unable to get Plaintiff back in the car.

According to Plaintiff, there was a "tussle," but he did not resist. Defendant allegedly placed his knuckles on the back of Plaintiff's head and started twisting them into Plaintiff's head.[2] Plaintiff admits that he did not see Defendant's hand but believes Defendant was wearing brass knuckles because this knuckles were hard. According to Plaintiff, this incident did not result in an injury, such as a cut, but he thought his head was bruised.

On April 16, 2018, Defendant filed his Motion for Summary Judgment [12]. On May 2, 2018, after Plaintiff failed to file a timely response, the Court directed Plaintiff to respond to the Motion for Summary Judgment. *See* Order [15]. Thereafter, Plaintiff filed a Motion to Appoint Counsel [17], but he did not file a response to the Motion for Summary Judgment. On August 22, 2018, the Court denied his Motion to Appoint Counsel [17] and directed him to file his response on or before September 5, 2018. *See* Order [19]. The Court informed Plaintiff that if he failed to file a response, the Motion for Summary Judgment would be considered without a response. Plaintiff again failed to file a response.

---

[1] *See Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985); *see also Flores v. Livingston*, 405 Fed. App'x. 931, 932 (5th Cir. 2010); *Riley v. Collins*, 828 F.2d 306, 307 (5th Cir. 1987) (stating that allegations made at a *Spears* hearing supersede claims alleged in the complaint).

[2] Plaintiff first stated that Defendant hit him but later alleged that Defendant simply twisted his knuckles into Plaintiff's head. He said that Defendant "drilled" him.

**STANDARD FOR SUMMARY JUDGMENT**

A motion for summary judgment will be granted only when "the record indicates that there is 'no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004) (citing Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)). The Court must view "the evidence in the light most favorable to the nonmoving party." *Id*. The nonmoving party, however, "cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or 'only a scintilla of evidence.'" *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)). In the absence of proof, the Court does not "assume that the nonmoving party could or would prove the necessary facts." *Little*, 37 F.3d at 1075 (emphasis omitted).

**ANALYSIS**

In his Motion for Summary Judgment, Defendant raises the defense of qualified immunity. The United States Supreme Court has held that "government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzferald*, 457 U.S. 800, 818 (1982). Qualified immunity "protects all but the plainly incompetent or those who knowingly violate the law." *Anderson v. Valdez*, 845 F.3d 580, 599-600 (5th Cir. 2016). A plaintiff seeking to defeat qualified immunity must show: (1) that the official violated a statutory or constitutional right, and (2) that the right was clearly established at the time of the challenged conduct. *Id*. If the defendant did violate the plaintiff's constitutional rights, "the court then asks whether qualified immunity is still appropriate because the defendant's actions were objective reasonable in light

of law which was clearly established at the time of the disputed action." *Brown v. Callahan*, 623 F.3d 249, 253 (5th Cir. 2010) (citation and internal quotation marks omitted).

The Fourth Amendment protects individuals from the use of excessive force during a seizure. *Deville v. Marcantel*, 567 F.3d 156, 169 (5th Cir. 2009). To make out a Fourth Amendment excessive force claim, a plaintiff must establish "(1) an injury, (2) which resulted directly and only from the use of force that was clearly excessive, and (3) the excessiveness of which was clearly unreasonable." *Manis v. Lawson*, 585 F.3d 839, 843 (5th Cir. 2009). "[T]he right to make an arrest . . . necessarily carries with it the right to use some degree of physical coercion or threat thereof to effect it." *Graholm v. Conner*, 490 U.S. 386, 396 (1989). The reasonableness of the force used is determined by considering "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Id*. The force used "must be judged from the perspective of a reasonable officer on the scene, rather than with 20/20 vision of hindsight." *Id*.

In support of his Motion for Summary Judgment, Defendant submitted a video of the arrest. *See* Video [12-2].[3] Plaintiff alleges that he did not resist when Defendant attempted to place him in a patrol car and that Defendant twisted his knuckles into Plaintiff's head. Plaintiff also alleges that Defendant may have been wearing brass knuckles. The video does not support Plaintiff's version of the events. Instead, the video supports Defendant's sworn statement in which he states as follows: "I did not use brass knuckles or any other implement on Coleman. I did not strike, punch, hit or kick him. The only contact I made with Coleman during his arrest was the minimum amount necessary to load him into my patrol car." *See* Affidavit [12-1].

---

[3] The video was conventionally filed with the Clerk of Court. *See* [12-2]; Notice [11-2].

The video shows that Defendant found brass knuckles on Plaintiff and later discovered that Plaintiff had previously been convicted of six felonies, including assault on a police officer. [12-2] at 00:15; 5:40; 6:45. Following Plaintiff's arrest for felon in possession of a weapon, Defendant placed Plaintiff in the back of a patrol car. [12-2] at 10:00. After Plaintiff was in the car, Defendant threatened to charge Plaintiff with another felony for spitting on him.[4] Plaintiff responded with profane language. A couple of minutes later, Defendant instructed Plaintiff to move to the passenger side of the car and sit straight so that a seat belt could be placed on him. [12-2] at 12:45. Defendant repeated his instruction multiple times, but Plaintiff responded with profanity-laced refusals.

Thereafter, another officer took Plaintiff out of the car, and Plaintiff laid down on the ground. [12-2] at 13:45. Defendant raised Plaintiff to a sitting position and informed him that the officers were going to place him in the car. [12-2] at 15:30. Defendant then picked up Plaintiff and attempted to place him in the car. [12-2] at 15:45. Plaintiff refused to cooperate and actively resisted Defendant's attempts to place him in the car. For nearly two minutes, Defendant ordered Plaintiff to get in the car and struggled with him, attempting to place him in the car. During this time, Plaintiff taunted and threatened Defendant. Defendant was unable to place Plaintiff in the car. Eventfully, another officer walked up and stood over Plaintiff, and Defendant stepped away from Plaintiff. [12-2] at 17:30. Shorty thereafter, Plaintiff got in the patrol car, and Defendant and the other officer were able to place a seat belt on him. [12-2] at 18:45.

---

[4] Because Plaintiff is in the patrol car and Defendant is standing outside of the car, the video does not show Plaintiff spitting on Defendant.

During his struggle with Plaintiff, Defendant was not wearing brass knuckles and did not hit Plaintiff or twist his knuckles in the Plaintiff's head.[5] "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380-81 (2007). The evidence demonstrates that Defendant's use of force was not excessive or objectively unreasonable. Instead, the evidence shows that Defendant exercised remarkable restraint. *See Jackson v. Hebert*, 2018 WL 3421854, at *8-9 (W.D. La. July 13, 2018) (holding that an officers' actions were reasonable where the plaintiff actively resisted the officers' attempts to place him in a patrol car); *Wagner v. Bay City*, 227 F.3d 316, 324 (5th Cir. 2000) ("nothing about the use of chemical spray or even a choke-hold was objectively unreasonable conduct where the suspect physically resisted arrest"); *Poole v. Russell*, 2016 WL 6082041, at *6-7 (W.D. La. Oct. 18, 2016) (finding that a plaintiff's resistance to arrest made a police officer's decision to pin the plaintiff to the floor with his knee objectively reasonable).

Accordingly, Defendant did not violate Plaintiff's Fourth Amendment rights, and he is entitled to judgment as a matter of law. Moreover, the evidence presented reveals that Plaintiff's claim is patently frivolous and that the dismissal of this action should count as a strike pursuant to 28 U.S.C. § 1915(g). *See Foster v. Carroll County*, 502 Fed. App'x. 356, 359-60 (5th Cir. 2012).

---

[5] There are portions of the video that are dark or otherwise unclear during the struggle between Plaintiff and Defendant, but no portion of the video suggests that Defendant used excessive force. Plaintiff does not complain about any force used by Defendant, and the video does not show anything remotely resembling excessive force or injuries to Plaintiff.

## RECOMMENDATIONS

For the foregoing reasons, the undersigned recommends that Defendant's Motion for Summary Judgment [12] be GRANTED, this action be dismissed with prejudice, and the dismissal count as a strike pursuant to 28 U.S.C. § 1915(g).

## NOTICE OF RIGHT TO OBJECT

In accordance with the Rules of this Court, any party, within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the District Judge, the U.S. Magistrate Judge, and the opposing party. The District Judge at that time may accept, reject, or modify in whole or in part the recommendation of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. Failure to timely file written objections to proposed findings, conclusions, and recommendations contained in this report will bar an aggrieved party, except on the grounds of plain error, from attacking on appeal unobjected to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

This the 6th day of September, 2018.

s/ Michael T. Parker  
United States Magistrate Judge